UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LINA RULO, Individually and as Personal Representative of the ESTATE OF RICHARD A. RULO, SR., deceased, | ) ) ) ) | |
|    Plaintiff, | ) ) | |
| v. | ) ) | Cause No. |
| AUSTON C. TURNER, in his individual capacity and official capacity as Chief of Police of the Iron Mountain Lake Police Department, | ) ) ) | **JURY TRIAL DEMANDED** |
| JERMAINE SAILS, in his individual capacity, | ) ) ) | |
| DUSTIN P. STEINC, individually and in his official capacity as Mayor of the City of Iron Mountain Lake, Missouri, | ) ) ) ) | |
| CITY OF IRON MOUNTAIN LAKE, MISSOURI, | ) ) ) | |
|    Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Lina Rulo, by and through counsel, and for her Complaint against Defendants, states as follows:

1.      This is a civil rights action seeking monetary damages against Defendants Auston Turner, Jermaine Sails, Dustin Steinc, and the City of Iron Mountain Lake, Missouri for committing acts, under the color of state law, which deprived Richard A. Rulo, Sr., deceased, of rights secured under the Constitution and laws of the United States and the State of Missouri. Plaintiff also seeks damages and other relief from Defendants based on Missouri state law claims.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for

deprivation of rights secured by the laws of the United States, including the right to be free from excessive use of force and unlawful seizure under the Fourth and Fourteenth Amendments to the United States Constitution. This Court thus has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. Pursuant to 28 U.S.C. § 1367, Plaintiff invokes the supplemental jurisdiction of this Court to hear and decide her claims under Missouri law.

3.     Venue is proper in this District under 28 U.S.C. § 1391(b) because all incidents giving rise to this suit occurred in the City of Iron Mountain Lake, St. Francois County, Missouri, within the Eastern Division of the Eastern District of Missouri.

## PARTIES

4.     At all times referred to herein, Richard A. Rulo, Sr. ("Decedent") was a citizen and resident of St. Francois County, the State of Missouri and the United States of America.

5.     Plaintiff Lina Rulo is a citizen and resident of St. Francois County, the State of Missouri and the United States of America.

6.      Plaintiff Lina Rulo is the wife of Decedent and Personal Representative of the Estate of Richard A. Rulo and brings this action on behalf of herself and all others defined in § 537.080 RSMo.

7.     At all times referred to herein, Defendant Auston C. Turner was Chief of Police for the Iron Mountain Lake Police Department. As Chief of Police, Defendant Turner was responsible for training, supervising, controlling and disciplining the conduct of Iron Mountain Lake police officers, including Defendant Sails. Defendant Turner was further responsible for enforcing the regulations of the Police Department and for ensuring that its officers obeyed the laws of the State of Missouri and the United States.

8.     At all times referred to herein, Defendant Turner was acting under the color of

law and in such capacity as an agent, servant and employee of the City. Defendant Turner was acting under the direction and control of the City of Iron Mountain Lake, its Mayor and its Board and was acting pursuant to either official policy or the custom and practice of the Police Department.

9.     Defendant Turner was a policymaker for the Iron Mountain Lake Police Department and all matters alleged herein. In the alternative, Defendant Turner participated in promulgating the policy for the Police Department and was directly responsible for its implementation in whole or in part.

10.     Defendant Turner is sued in both his individual capacity and official capacity as Chief of Police of the Iron Mountain Lake Police Department.

11.     At all times referred to herein, Defendant Jermaine Sails was a police officer and agent, servant and employee of the City of Iron Mountain Lake and the Iron Mountain Lake Police Department. At all times referred to herein, Defendant Sails was acting under the color of law and under the direction and control of the City of Iron Mountain Lake, Defendant Steinc and Defendant Turner, and was acting pursuant to either official policy or the custom and practice of the Iron Mountain Lake Police Department. Defendant Sails is sued in his individual capacity.

12.     At all relevant times, Defendant Dustin P. Steinc was the Mayor of Iron Mountain Lake, Missouri and acting under the color of law. As Mayor, Defendant Steinc was a policymaker for the City of Iron Mountain Lake and had the duty to train, supervise, discipline, monitor and control the conduct of the Chief and the officers of the Iron Mountain Lake Police Department, including Defendants Turner and Sails. Plaintiff sues Defendant Steinc in his individual and official capacities.

13.     Defendant City of Iron Mountain Lake (hereinafter the "City") is a municipality

organized and existing under the laws of the State of Missouri and, at all times mentioned herein, employed Defendants Auston Turner and Jermaine Sails. At all relevant times, Defendant City had the ability to control and direct the conduct of its Chief of Police and officers, including Defendants Turner and Sails, as they performed their duties in furtherance of Defendant City's goals. Defendant City was also charged with the direction and supervision of officers who were within its employ and had a duty to train and discipline the officers in its police department. Defendant City, through its Mayor and its Board of Councilmen ("Board"), was vested with the authority and obligation to make and implement final policy for the Iron Mountain Lake Police Department.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14.     On May 8, 2017, Defendant Jermaine Sails, who had been employed by Defendant City as a police officer for approximately four weeks, was in an Iron Mountain Lake police car looking for citizens he could pull over for not wearing a seatbelt and other traffic violations.

15.     Defendant Sails had not been sworn in by the City as a police officer and, upon information and belief, had received no formal training from the City or Iron Mountain Lake Police Department.

16.     On the afternoon of May 8, 2017, Decedent was driving from his place of employment in Iron Mountain Lake, Missouri to his residence located at 513 Mexico Road.

17.     Decedent was a 57-year-old man, who weighed approximately 140 to 150 pounds.

18.     As Decedent was approaching his home, Defendant Sails activated the police car's emergency lights in order to stop Decedent's vehicle.

19.     Decedent pulled over at his mailbox and, after retrieving his mail, pulled into the driveway of his private residence and exited his vehicle. Defendant Sails parked his police car on

Decedent's driveway behind Decedent's truck.

20.     Defendant Sails told Decedent that he pulled him over, "first of all," because Decedent was not wearing his seatbelt and ordered Decedent to give him his driver's license and most recent insurance card.

21.     In conducting the traffic stop, Defendant Sails violated Missouri law, which provides that an officer may not stop, inspect or detain a motorist solely to determine whether or not the motorist is wearing a seatbelt, even if the officer visually observes that the motorist appears not to be wearing a seatbelt.

22.     Decedent gave Defendant Sails written insurance information, told Defendant Sails that he could not locate his most recent information and said that he had insurance and Defendant Sails could call it in. Defendant Sails said that he would write a citation and returned to his police vehicle.

23.     Upon information and belief, officers of the Iron Mountain Lake Police Department, without reason to do so, had recently been following Decedent and other citizens while they were lawfully traveling on the public roads.

24.     Frustrated that he was stopped for not wearing a seatbelt, Decedent began complaining to his wife, Lina, who had walked out on the driveway.

25.     Defendant Sails remained seated in his police vehicle while Decedent and his wife remained standing at Decedent's truck.

26.     After approximately eight to nine minutes, while Defendant Sails remained seated in his police car, Defendant Turner, with his siren activated, arrived at Decedent's residence.

27.     Defendant Turner approached Defendant Sails' police car and stood outside the door, speaking to Defendant Sails.

28.     While Defendants Turner and Sails were talking at Defendant Sails' car, Decedent and his wife stood approximately twenty feet away and were talking to one another.

29.     Decedent's wife stated in a loud voice, "Call Dustin [the Mayor] over here, now," and she and Decedent continued to express their frustration with the situation to one another.

30.     Suddenly, and without warning, Defendant Turner became angry and walked quickly toward Decedent and his wife, stating, "You're both going to jail."

31.     When Decedent stated "no, I'm not," Defendant Turner responded "actually, you are," and aggressively moved toward Decedent, forcing Decedent to take a step back. Defendant Turner grabbed Decedent, swept Decedent's legs out from underneath him and slammed him violently to the ground. Acting together, Defendant Turner and Defendant Sails tackled Decedent and placed Decedent in handcuffs.

32.     Defendants Turner and Sails then jerked Decedent off the ground, and Defendant Turner ordered Defendant Sails to put Decedent, whose hands were cuffed behind his back, in Defendant Sails' police car and charge him with disorderly conduct and resisting arrest.

33.     Defendant Turner radioed dispatch, advising that he had "one in custody."

34.     Decedent had not committed a serious crime, had not violated the City's disorderly conduct ordinance, had not attempted to flee, and had not provoked Defendants to use any level of force against him, much less the excessive, vicious and brutal level of force that was used.

35.     The force used by Defendants Tuner and Sails was unnecessary, excessive and oppressive.

36.     Defendants did not arrest Mrs. Rulo, but instead, Defendant Turner told her that her husband was going to jail for assault on a law enforcement officer.

37.     The force used by Defendants caused Decedent to suffer physical injury and emotional distress, and as a result, while sitting in the police car, Decedent began having difficulty breathing.

38.     EMS was eventually called and transported Decedent to the hospital.

39.     A few hours after the incident and while at the hospital, Decedent died.

40.     On May 10, 2017, an autopsy was performed on Decedent. The cause of Decedent's death was determined to be complications of coronary artery disease, and the manner of death was homicide resulting from an altercation with police officers during a traffic stop.

41.     After learning that Decedent had died, Defendant Turner wrote a police report containing false statements, including a statement that he advised Decedent that he was going to jail only after Decedent approached him in an aggressive manner.

42.     As a result of Defendants Turner and Sails' malicious, brutal and outrageous conduct in attacking Decedent and the unlawful arrest, Decedent experienced severe physical pain, mental suffering and loss of life.

## COUNT I

### Use of Excessive Force in Violation of the Fourth and Fourteenth
### Amendments to the United States Constitution, Cognizable Under 42 U.S.C. § 1983

For her cause of action against Defendants Turner and Sails in Count I, Plaintiff states as follows:

43.     Plaintiff incorporates by reference each and every allegation and averment set forth in all of the preceding paragraphs as though fully set forth herein.

44.     Defendants Turner and Sails, acting alone and together, did assault, batter, beat, and otherwise brutalize Decedent as afore-described, and thereby unreasonably seized Decedent in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

45.     At the time of the use of excessive force by Defendants Turner and Sails, Decedent had not committed a serious crime, presented no threat to the safety of the officers or others, was not actively resisting or attempting to evade arrest by flight and had not provoked the Defendants to suddenly approach him and slam him to the ground.

46.     As a direct and proximate result of the aforesaid unlawful and malicious physical abuse and battering of Decedent by Defendants Turner and Sails, all committed under the color of state law and under their authority as police officers for the City, Decedent was deprived of his right to be free from unreasonable seizure of his person and from the use of excessive force, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. § 1983.

47.     As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants Turner and Sails as afore-described, Decedent suffered severe physical injuries, emotional distress, mental anguish and an agonizing death. Additionally, the actions of Defendants Turner and Sails have deprived Plaintiff and Decedent's son of Decedent's valuable companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

48.     The acts of Defendants Turner and Sails were intentional, willful, wanton, malicious, oppressive, and done in conscious disregard of and with complete indifference to the rights of Decedent, thus entitling Plaintiff to an award of punitive damages against Defendants Turner and Sails.

49.     If Plaintiff prevails, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Turner and Sails, jointly

and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and reasonable under the circumstances.

## COUNT II

### Unlawful Seizure by Arrest and Detention in Violation of the Fourth and Fourteenth Amendments to the United States Constitution, Cognizable Under 42 U.S.C. § 1983

For her cause of action against Defendants Turner and Sails in Count II, Plaintiff states as follows:

50.     Plaintiff incorporates by reference each and every allegation and averment set forth in all of the preceding paragraphs as though fully set forth herein.

51.     Defendant Sails, without the legal authority to do so and without probable cause or reasonable suspicion, detained Decedent.

52.     Following the unlawful detention, Defendants Turner and Sails, acting alone and in concert, maliciously, and without reasonable grounds or probable cause, arrested and detained Decedent.

53.     The detention, continuing seizure and the arrest of Decedent were in violation of Decedent's right to be free from unreasonable seizure secured by the Fourth and Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. § 1983.

54.     As a direct and proximate result of Defendants Turner and Sails' arrest and detention of Decedent, committed under the color of state law and under their authority as police officers for the City, Decedent suffered loss of his freedom and severe mental anguish and loss of life.

55.     The acts of Defendants Turner and Sails were intentional, willful, wanton, malicious, oppressive, and done in conscious disregard of and with complete indifference to the

rights of Decedent, thus entitling Plaintiff to an award of punitive damages against Defendants Turner and Sails.

56.     If Plaintiff prevails, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Turner and Sails, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and reasonable under the circumstances.

## COUNT III

### Municipal Liability for Failure to Train, Supervise, Control and Discipline, and for Unconstitutional Customs and Practices, Cognizable Under 42 U.S.C. § 1983

For her cause of action against Defendants City, Steinc and Turner in Count III, Plaintiff states as follows:

57.     Plaintiff incorporates by reference each and every allegation and averment set forth in all of the preceding paragraphs as though fully set forth herein.

58.     That at all times relevant hereto, Defendants City, Steinc and Turner were final policymakers for the Iron Mountain Lake Police Department.

59.     Upon information and belief, at the time of the incident, the City and the Iron Mountain Lake Police Department failed to implement and/or enforce any written policies or procedures pertaining to it police officers' duties, including policies pertaining to probable cause to arrest or the use of force by its police officers, when it was obvious that the failure to have and enforce policies would likely result in unlawful conduct by its officers, including the use of excessive force.

60.    At all times relevant hereto, Defendants City, Steinc and Turner were vested with the duty and authority to train, supervise, discipline and otherwise control the officers of the Iron Mountain Lake Police Department and prevent or stop unconstitutional customs and practices.

61.    The City failed to provide adequate training to, and supervision of, Defendant Turner, thus allowing him to continue to serve as police chief when the City knew he was unqualified to do so and when it was obvious allowing an inadequately trained officer to serve as Chief of Police would result in unlawful conduct, including the use of excessive force.

62.    Upon information and belief, Defendant Turner had a history of being aggressive in his dealings with the citizens of Iron Mountain Lake. The City either knew of Defendant Turner's aggressive behavior or turned a blind eye to that behavior.

63.    Defendant Sails, who, in 2013, plead guilty to Sexual Misconduct in the first degree and to Falsely Impersonating a Police Officer, was unfit to be a police officer. The City, acting through Defendant Steinc and Defendant Turner, hired Defendant Sails as an officer of the Iron Mountain Lake Police Department either despite his criminal history or without investigation into his prior criminal history; failed to provide Sails with training; and allowed him to serve as a police officer with full knowledge that he was untrained and unqualified for the position.

64.    Upon information and belief, prior to the time of the unconstitutional acts of Defendants Turner and Sails, the City allowed at least two other police officers who had not completed Peace Officer Standard Training ("POST') as required by Missouri law, and who had not been duly sworn in, to serve as officers of the Iron Mountain Lake Police Department.

65.     Prior to and at the time of the unconstitutional acts of Defendants Turner and Sails as afore-described, the Iron Mountain Lake Police Department, Defendant Steinc and Defendant Turner engaged in unconstitutional practices, including but not limited to:

    a.   unlawfully stopping and detaining citizens and issuing citations for violations of the City's seatbelt ordinance in order to raise funds for the City;

    b.   hiring untrained and unqualified persons to serve as police officers and allowing untrained and unqualified officers, who did not have Police Officer Standard and Training ("POST") certification, and who had not been sworn in as law enforcement officers, to serve on the City's police force;

    c.   failing to provide its officers with necessary training and supervision.

66.     Defendants City, Steinc and Turner, acting together and individually, failed to take action in the face of misconduct by Iron Mountain Lake Police Department officers about which they knew or should have known, and failed and refused to properly train, supervise, discipline or otherwise control the conduct of the officers or to otherwise act to prevent and stop the above-described customs and practices.

67.     The constitutional violations of Defendants Turner and Sails were undertaken pursuant to the policies, practices and/or customs of the Iron Mountain Lake Police Department. Had Defendants City, Steinc and Turner acted to properly train the officers of the Iron Mountain Lake Police Department or to properly supervise, discipline or otherwise control its officers when the officers engaged in unconstitutional practices, the deprivations of Decedent's constitutional rights would not have occurred.

68.     By their failure or refusal to prevent and stop the above-described customs and practices, and their failure to train, supervise, discipline or otherwise control the conduct of the

police officers of the Iron Mountain Lake Police Department, including the individually named Defendants, Defendants City, Steinc and Turner tacitly authorized and/or ratified the afore-described misconduct and customs, usages and practices or, alternatively, were deliberately indifferent to the risk of constitutional violations of which they knew or should have known.

69.     As a direct and proximate result of the policies, customs, practices and usages of the Iron Mountain Lake PD and the failure of Defendants City, Steinc and Turner to train, supervise or otherwise control Iron Mountain Lake police officers, including the individually named Defendants, Decedent was deprived of his constitutional rights and suffered severe physical pain, mental anguish and an agonizing death. Additionally, the actions of Defendants City, Steinc and Turner have deprived Plaintiff and Decedent's son of Decedent's valuable companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

70.     If Plaintiff prevails, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants City, Steinc and Turner, jointly and severally, for compensatory damages in an amount which is fair and reasonable, plus costs of this action, attorneys' fees and such other relief as the Court deems just and reasonable under the circumstances.

## COUNT IV

### Conspiracy to Violate Decedent's Civil Rights, Cognizable Under 42 U.S.C. § 1983

For her cause of action against Defendants Steinc, Turner and Sails in Count IV, Plaintiff states as follows:

71.     Plaintiff incorporates by reference each and every allegation and averment set

forth in all of the preceding paragraphs as though fully set forth herein.

72.     That Defendants Steinc and Turner, acting alone and in concert, conspired together and/or with others, to undertake the course of action of following and stopping citizens of Iron Mountain Lake, including Decedent, and issuing citations to those citizens without regard to whether the stop was lawful.

73.     That on the date of the incident described herein, Defendant Sails, at the direction of Defendant Turner, was looking for citizens to arrest for not wearing seatbelts and stopped Decedent for the purpose of issuing citations.

74.     After using excessive force on Decedent and unlawfully arresting him, Defendant Sails, at the direction of Defendant Turner, wrote citations charging Decedent for violating a seatbelt law and resisting arrest.

75.     That the citations were written for the dual purpose of raising money for the City and to justify what the Defendants knew was an excessive use of force and unlawful arrest of Decedent.

76.     Defendant Turner then intentionally made false statements in an official police report with the expectation and for the purpose of justifying his use of excessive force against Decedent and the wrongful arrest of Decedent in order to insulate himself and others from civil liability.

77.     As a direct and proximate result of the conspiracy between Defendants Steinc and Turner, Decedent was unreasonably seized and unlawfully arrested in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, which are protected by 42 U.S.C. § 1983.

78.     As a direct and proximate result of Defendants Turner and Sails' arrest and detention of Decedent, committed under the color of state law and under their authority as police officers for the City, Decedent suffered loss of his freedom and severe mental anguish and loss of life.

79.     As a direct and proximate result of the malicious, brutal and outrageous conduct aforementioned, Plaintiff and Decedent's son have been deprived of Decedent's valuable companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

80.     The acts of Defendants Steinc, Turner and Sails were intentional, willful, wanton, malicious, oppressive, and done in conscious disregard of and with complete indifference to the rights of Decedent, thus entitling Plaintiff to an award of punitive damages against Defendants Turner and Sails.

81.     If Plaintiff prevails, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Steinc, Turner and Sails, jointly and severally, for compensatory damages in an amount which is fair and reasonable, plus costs of this action, attorneys' fees and such other relief as the Court deems just and reasonable under the circumstances.

## COUNT V

### Wrongful Death, Cognizable Under Missouri State Law

For her cause of action against Defendants City, Steinc, Turner and Sails in Count V, Plaintiff states as follows:

82.     Plaintiff incorporates by reference each and every allegation and averment set forth in all of the preceding paragraphs as though fully set forth herein.

83.     Plaintiff asserts this claim for wrongful death pursuant to RSMo § 537.080.

84.     Defendants Turner and Sails owed a duty to ensure the safety of arrestees, including Decedent. This duty included the duty to not use excessive force.

85.     Defendants Turner and Sails, acting together and individually within the course and scope of their employment as agents, servants, and employees of the Iron Mountain Lake Police Department and the City, and acting in bad faith and with malice, breached this duty by using excessive force against Decedent as afore-described.

86.     Defendants Steinc and the City negligently hired Defendant Sails, when Defendants knew or should have known that he was unqualified to serve as a police officer.

87.     Defendants Steinc and the City failed to train and supervise its Police Chief and police officers, including Defendants Turner and Sails.

88.     As a direct and proximate result of the aforementioned malicious, brutal and outrageous conduct of Defendants Turner and Sails, and Defendant Steinc and City's negligent hiring, supervision and failure to train and supervise, Decedent died and Plaintiff has been deprived of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent by reason of such death, further including past and future lost income, household services, and the value of benefits which would have been provided by Decedent.

89.     Further, Defendants caused Decedent to suffer conscious pain, suffering and loss of life.

90. The acts of Defendants Turner and Sails were intentional, willful, wanton, malicious, oppressive, and done in conscious disregard of and with complete indifference to the rights of Decedent, thus entitling Plaintiff to an award of punitive damages against Defendants Turner and Sails.

91. Defendant City is vicariously liable for the wrongful death of Decedent caused by Defendants Turner and Sails' actions, as Defendants Turner and Sails committed such acts within the scope and course of their authority, employment, and agency as police officers of the Iron Mountain Lake Police Department, and such acts are incident to the business and activities of the City and its police department, given the patterns, practices and customs of the City and Iron Mountain Lake Police Department.

WHEREFORE, Plaintiff prays for judgment against Defendants City, Steinc, Turner and Sails, jointly and severally, for compensatory damages in an amount which is fair and reasonable and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and reasonable under the circumstances.

## COUNT VI

### False Arrest and Imprisonment, Cognizable Under Missouri State Law

For her cause of action against Defendants City, Turner and Sails in Count VI, Plaintiff states as follows:

92. Plaintiff incorporates by reference each and every allegation and averment set forth in all of the preceding paragraphs as though fully set forth herein.

93. Defendants Turner and Sails, acting together and individually within the course and scope of their employment as agents, servants, and employees of the Iron Mountain Lake Police Department and the City, and acting in bad faith and with malice, intentionally arrested,

detained, and restrained Decedent against his will and without probable cause that he had committed any crime.

94.    The conduct of Defendants Turner and Sails in exercising dominion and control over the freedom of Decedent was an intentional restraint of Decedent against his will.

95.    As a direct and proximate result of Defendants Turner and Sails' arrest and detention of Decedent, Decedent suffered emotional distress through the unlawful and malicious arrest and detention of his person by Defendants and severe mental anguish in connection with the deprivation of his rights.

96.    The acts of Defendants Turner and Sails were intentional, willful, wanton, malicious, oppressive, and done in conscious disregard of and with complete indifference to the rights of Decedent, thus entitling Plaintiff to an award of punitive damages against Defendants Turner and Sails.

97.    Defendant City is vicariously liable for the false arrest and imprisonment of Decedent, as Defendants Turner and Sails committed such acts within the scope and course of their authority, employment, and agency as police officers of the Iron Mountain Lake Police Department, and such acts are incident to the business and activities of the City and the Iron Mountain Lake PD, given the patterns, practices and customs of the City and the Iron Mountain Lake PD.

WHEREFORE, Plaintiff prays for judgment against Defendants City, Turner and Sails, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and reasonable under the circumstances.

## COUNT VII

## Assault and Battery, Cognizable Under Missouri State Law

For her cause of action against Defendants City, Turner and Sails in Count VII, Plaintiff states as follows:

98.     Plaintiff incorporates by reference each and every allegation and averment set forth in all of the preceding paragraphs as though fully set forth herein.

99.     Defendants Turner and Sails, acting together and individually within the course and scope of their employment as agents, servants, and employees of the Iron Mountain Lake Police Department and the City, and acting in bad faith and with malice, assaulted and brutalized Decedent without just cause or provocation, and with the intent to cause Decedent offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Decedent.

100.    As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants Turner and Sails as afore-described, Decedent suffered severe physical pain, mental anguish and an agonizing death. Additionally, the actions of Defendants Turner and Sails caused Plaintiff to incur burial expenses, and Plaintiff has been deprived of Decedent's valuable companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

101.    The acts of Defendants Turner and Sails were intentional, willful, wanton, malicious, oppressive, and done in conscious disregard of and with complete indifference to the rights of Decedent, thus entitling Plaintiff to an award of punitive damages against Defendants Turner and Sails.

102.    Defendant City is vicariously liable for the assault and battery against Decedent, as Defendants Turner and Sails committed such acts within the scope and course of their

authority, employment, and agency as police officers of the Iron Mountain Lake Police Department, and such acts are incident to the business and activities of the City and the Iron Mountain Lake PD, given the patterns, practices and customs of the City and Iron Mountain Lake PD.

WHEREFORE, Plaintiff prays for judgment against Defendants City, Turner and Sails, jointly and severally, for compensatory damages in an amount which is fair and reasonable and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and reasonable under the circumstances.

## ABSENCE OF IMMUNITIES

103.    Plaintiff incorporates by reference each and every allegation and averment set forth in all of the preceding paragraphs as though fully set forth herein.

104.    Upon information and belief, at all times relevant, Defendant City had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including torts as described herein.

105.    The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant City.

106.    Defendants Turner and Sails are not entitled to qualified immunity regarding all of their aforementioned actions and omissions because they violated clearly established rights of which a reasonable official in their respective positions would have, or should have, been aware.

107.    Defendants Turner and Sails are not entitled to official immunity or any protections of the public duty doctrine regarding all of their aforementioned actions and omissions because they acted in bad faith and with malice.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury on all of the above issues.

Respectfully submitted,

Groves | Powers, LLC

_/s/ Linda C. Powers_
Linda C. Powers, #6271689
Steven L. Groves, #6211737
Emery A. Reusch, #6313809
One U.S. Bank Plaza
505 North 7th Street, Suite 2010
St. Louis, Missouri 63101
t: 314.696.2300 | f: 314.696.2304
lpowers@grovespowers.com
sgroves@grovespowers.com
ereusch@grovespowers.com