UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINA RULO, Individually and as Personal Representative of the Estate of RICHARD A. RULO, SR., deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| AUSTON C. TURNER, et al., | ) ) |
| Defendants. | ) |

Case No. 4:19CV318 JCH

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Dustin Steinc's ("Steinc") Motion to Dismiss, filed March 19, 2019. (ECF No. 7). The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

On May 8, 2017, Decedent Richard A. Rulo, Sr. was driving from his place of employment in Iron Mountain Lake, Missouri to his residence. (Compl., ¶ 16). As Decedent approached his home, Defendant Jermaine Sails ("Sails"), a police officer and agent, servant and employee of the City of Iron Mountain Lake ("City") and the Iron Mountain Lake Police Department, activated his police car's emergency lights in order to stop Decedent's vehicle. (*Id.*, ¶¶ 11, 18).[2] Decedent stopped at his mailbox to retrieve his mail, and then pulled into the

---

[1] The Court's background section is taken from Plaintiff's Complaint, to which Defendant Steinc has not yet filed an answer.

[2] According to Plaintiff, at the time of the incident Sails had been employed by Defendant City as a police officer for only four weeks, and had not yet been sworn in as a police officer or received any formal training. (Compl., ¶¶ 14, 15).

- 1 -

driveway of his private residence and exited his vehicle. (*Id.*, ¶ 19). Sails parked in Decedent's driveway behind Decedent's truck. (*Id.*).

According to Plaintiff, Sails told Decedent he pulled him over, "first of all," because Decedent was not wearing his seatbelt. (Compl., ¶ 20). Sails ordered Decedent to produce his driver's license and most recent insurance card. (*Id.*). When Decedent failed to produce his most recent insurance card[3], Sails returned to his police vehicle to write Decedent a citation. (*Id.*, ¶ 22). At that time, Decedent began complaining to Plaintiff, who had walked out onto the driveway. (*Id.*, ¶ 24).

After approximately eight to nine minutes, during which time Sails remained seated in his police car, Defendant Auston C. Turner ("Turner"), Chief of Police for the Iron Mountain Lake Police Department, arrived at Decedent's residence with his siren activated. (Compl., ¶¶ 7, 26). While Turner and Sails talked, Plaintiff stated, "Call [Defendant] Dustin [P. Steinc, Mayor of Iron Mountain Lake] over here, now." (*Id.*, ¶¶ 12, 27-29). At that, Plaintiff maintains Turner became angry, and walked quickly toward Decedent and Plaintiff stating, "You're both going to jail." (*Id.*, ¶ 30). When Decedent responded, "no, I'm not," Turner aggressively moved toward Decedent, grabbed Decedent, swept his legs out from underneath him, and slammed him violently to the ground. (*Id.*, ¶ 31). Turner and Sails then tackled Decedent and placed him in handcuffs, and Turner ordered Sails to charge Decedent with disorderly conduct and resisting arrest. (*Id.*, ¶¶ 31, 32).

While sitting in the police car, Decedent began having difficulty breathing. (Compl., ¶ 37). Emergency services were eventually called, and they transported Decedent to a hospital. (*Id.*, ¶ 38). Several hours later, while at the hospital, Decedent died. (*Id.*, ¶ 39). A May 10, 2017, autopsy determined Decedent's cause of death to be complications of coronary artery

---

3 Plaintiff maintains Decedent had current insurance.

disease, with the manner of death listed as homicide resulting from an altercation with police officers during a traffic stop. (*Id.*, ¶ 40).

Plaintiff filed the instant Complaint on February 26, 2019, claiming the force used by Turner and Sails was unnecessary, excessive and oppressive, and caused Decedent to suffer physical injury and emotional distress. (Compl., ¶¶ 35, 37). Plaintiff lodged the following counts against Defendant Steinc[4]: Municipal Liability for Failure to Train, Supervise, Control and Discipline, and for Unconstitutional Customs and Practices, Cognizable under 42 U.S.C. § 1983 (Count III); Conspiracy to Violate Decedent's Civil Rights, Cognizable under 42 U.S.C. § 1983 (Count IV); and Wrongful Death, Cognizable under Missouri State Law (Count V). As stated above, Defendant Steinc filed the instant Motion to Dismiss on March 19, 2019, claiming all of Plaintiff's claims against him must be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 7).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a

---

[4] According to Plaintiff, at all relevant times Steinc was the Mayor of Iron Mountain Lake, Missouri, and acting under color of law. (Compl., ¶ 12). Plaintiff has sued Steinc in his individual and official capacities. (*Id.*).

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

### I. Official Capacity Claims

In support of his Motion to Dismiss, Steinc first asserts Plaintiff's official capacity claims against him must be dismissed for the same reasons addressed in Defendant City's Motion to Dismiss, *i.e.*, because Plaintiff fails to identify any unconstitutional policies or customs pursuant to which her constitutional rights were violated, and because she mischaracterizes Steinc as a final policymaker. As discussed in the Order disposing of Defendant City's motion, the Court finds said arguments are better suited for determination on summary judgment.

### II. Qualified Immunity

Defendant Steinc next asserts qualified immunity bars Plaintiff's § 1983 claims against him. Under Eighth Circuit law, "[q]ualified immunity protects government officials performing discretionary functions from liability for damages so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The Court employs a two-part inquiry "to determine whether a lawsuit against a public official alleging a constitutional violation can proceed in the face of an assertion of qualified immunity." *Serna v. Goodno*, 567 F.3d 944, 951 (8th Cir.) (citing *Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)), *cert. denied*, 558 U.S. 972 (2009).

First, courts [] consider whether, taken in the light most favorable to the

> party asserting the injury,....the facts alleged show the [official's] conduct violated a constitutional right.....Second, courts [] ask whether the right was clearly established[5]...

*Id.* at 951-52 (internal quotation marks and citations omitted). "Unless the answer to both of these questions is yes, the defendants are entitled to qualified immunity." *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009).

After reciting the above standards, applicable to a claim for qualified immunity, Steinc's entire argument in favor of dismissal states as follows: "The wholesale failure of the Plaintiff to identify factual individual actions of Steinc that violated any of his rights entitles Steinc to qualified immunity. Even had Plaintiff succeeded in pleading any wrongdoing or negligence on behalf of Steinc, which is certainly not conceded, not every improper exercise of duties or violation of law eliminates qualified immunity." (Amended Memorandum in Support of Defendant Dustin P. Steinc's Motion to Dismiss ("Steinc's Memo in Support"), P. 3 (internal quotation marks and citation omitted)).

In response, Plaintiff notes it is not clear from Steinc's two sentence argument why he believes he is entitled to qualified immunity. (Plaintiff's Response in Opposition to Defendant Dustin Steinc's Motion to Dismiss, P. 6). Upon consideration, the Court agrees. In other words, Steinc argues neither that the law with respect to Plaintiff's claim that Steinc had a duty to implement written policies or procedures pertaining to police officers' duties was not clearly established, nor that Steinc's failure to implement such policies did not result in a violation of Decedent's constitutional rights. (*Id.*). Steinc thus has failed to establish that qualified immunity

---

[5] While *Saucier* set forth the two-part test with a mandatory sequence for analysis, the Supreme Court has since reversed itself and eliminated the mandatory aspect of the sequential analysis. *See Serna*, 567 F.3d at 952 (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009)).

is warranted based on the allegations in Plaintiff's Complaint, and so this portion of Steinc's Motion to Dismiss will be denied.

### III. Conspiracy Claim

Steinc next asserts that in Count IV of her Complaint claiming conspiracy, Plaintiff fails to plead the requisite meeting of the minds toward an unconstitutional conspiratorial objective. (Steinc's Memo in Support, P. 4). In Count IV, however, Plaintiff alleges as follows: "That Defendants Steinc and Turner, acting alone and in concert, conspired together and/or with others, to undertake the course of action of following and stopping citizens of Iron Mountain Lake, including Decedent, and issuing citations to those citizens without regard to whether the stop was lawful." (Compl., ¶ 72). The Court finds said allegation provides support for Plaintiff's conspiracy claim, including the requisite meeting of the minds, sufficient to survive Steinc's Motion to Dismiss. The Court therefore will not dismiss Plaintiff's conspiracy claim at this time, but instead will permit her to engage in discovery to develop further the factual basis for her claim.[6]

### IV. Official Immunity And Public Duty Doctrine

Defendant Steinc finally asserts Plaintiff's state law claims against him are barred by either official immunity and/or the public duty doctrine. Plaintiff counters that neither official immunity nor the public duty doctrine protects officials whose actions are taken in bad faith or with malice. The record is not sufficiently developed for the Court to consider whether Steinc's actions were taken in bad faith or with malice, and so this portion of his Motion to Dismiss will be denied.

---

6 Defendant Steinc remains free to renew this and other arguments on summary judgment.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dustin Steinc's Motion to Dismiss (ECF No. 7) is **DENIED**.


Dated this 12th Day of June, 2019.


                                          /s/ Jean C. Hamilton
                                          UNITED STATES DISTRICT JUDGE