UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **LINA RULO**, Individually and as Personal Representative of the Estate of RICHARD A. RULO, SR., deceased,<br><br>   Plaintiff,<br><br>v.<br><br>**AUSTON C. TURNER**, in his individual capacity and official capacity as Chief of Police of the Iron Mountain Lake Police Department,<br><br>**JERMAINE SAILS**, in his individual capacity,<br><br>**DUSTIN P. STEINC**, individually and in his official capacity as Mayor of the City of Iron Mountain Lake, Missouri,<br><br>**CITY OF IRON MOUNTAIN LAKE, MISSOURI**,<br><br>   Defendants. | 4:19-cv-00318-JCH |

## ANSWER OF DEFENDANT CITY OF IRON MOUNTAIN LAKE

Defendant City of Iron Mountain Lake states the following for its answer to the Plaintiff's Complaint [ECF 1]:

1. Denied.

2. The allegations of this paragraph consist of legal conclusions requiring no response; to the extent a response is required, Defendant admits jurisdiction and denies any other averments for lack of information or belief.

1

3. The allegations of this paragraph consist of legal conclusions requiring no response; to the extent a response is required, Defendant admits venue and denies any other averments for lack of information or belief.

4. Admitted.

5. Admitted.

6. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

7. Denied.

8. The allegations of this paragraph consist of legal conclusions requiring no response; to the extent a response is deemed required, they are denied.

9. The allegations of this paragraph consist of legal conclusions requiring no response; to the extent a response is deemed required, they are denied.

10. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

11. Defendant admits that Sails was an officer, but the remaining allegations of this paragraph consist of legal conclusions requiring no response; to the extent a response is deemed required, they are denied.

12. Defendant admits that Steinc was Mayor, but the remaining allegations of this paragraph consist of legal conclusions requiring no response; to the extent a response is deemed required, they are denied.

13. Defendant admits that Turner and Sails were employed by the City, but the remaining allegations of this paragraph consist of legal conclusions requiring no response; to the extent a response is deemed required, they are denied.

14. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

15. Denied.

16. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

17. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

18. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

19. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

20. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

21. The allegations of this paragraph consist of legal conclusion requiring no response; to the extent a response is deemed required, they are denied.

22. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

23. Denied.

24. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

25. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

26. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

27. Admitted.

28. Admitted.

29. Defendant admits that Lina Rulo yelled for them to call the Mayor, but denies all remaining averments in this paragraph.

30. Defendant admits that Turner ultimately said "you're going to jail," but denies all remaining averments of this paragraph.

31. Defendant admits that Decedent stated that he was not going to jail and that Turner said that he was, but denies all remaining averments of this paragraph.

32. Defendant admits that Decedent was cuffed and placed in a police car, but denies all remaining averments of this paragraph.

33. Admitted.

34. Denied.

35. Denied.

36. Admitted.

37. Denied.

38. Defendant admits that EMS was called despite the Decedent's objection and that Decedent was transported to the hospital despite Decedent's objection, but denies all remaining averments of this paragraph.

39. Defendant admits that Decedent died but denies all remaining averments of this paragraph for lack of sufficient information and belief.

40. Defendant lacks sufficient information and belief to admit the allegations of this paragraph, and they are therefore denied.

41. Denied.

42. Denied.

## COUNT I
### Use of Excessive Force in Violation of the Fourth and Fourteenth Amendments to the United States Constitution, Cognizable Under 42 U.S.C. § 1983

43. Defendant incorporates by references each response in each preceding paragraph as if full set forth herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

WHEREFORE Defendant prays for an order dismissing the Plaintiff's Complaint in its entirety, for an award of Defendant's costs and attorney's fees allowable at law, and for all such other and further relief deemed just and proper.

## COUNT II
### Unlawful Seizure by Arrest and Detention in Violation of the Fourth and Fourteenth Amendments to the United States Constitution, Cognizable Under 42 U.S.C. § 1983

50. Defendant incorporates by references each response in each preceding paragraph as if full set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

WHEREFORE Defendant prays for an order dismissing the Plaintiff's Complaint in its entirety, for an award of Defendant's costs and attorney's fees allowable at law, and for all such other and further relief deemed just and proper.

### COUNT III
### Municipal Liability for Failure to Train, Supervise, Control and Discipline, and for Unconstitutional Customs and Practices, Cognizable Under 42 U.S.C. § 1983

57. Defendant incorporates by references each response in each preceding paragraph as if full set forth herein.

58. Denied.

59. Denied.

60. The allegations of this paragraph consist of legal conclusions requiring no response; to the extent a response is deemed required, they are denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

WHEREFORE Defendant prays for an order dismissing the Plaintiff's Complaint in its entirety, for an award of Defendant's costs and attorney's fees allowable at law, and for all such other and further relief deemed just and proper.

## COUNT IV
### Conspiracy to Violate Decedent's Civil Rights, Cognizable Under 42 U.S.C. § 1983

71. Defendant incorporates by references each response in each preceding paragraph as if full set forth herein.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

WHEREFORE Defendant prays for an order dismissing the Plaintiff's Complaint in its entirety, for an award of Defendant's costs and attorney's fees allowable at law, and for all such other and further relief deemed just and proper.

## COUNT V
## Wrongful Death, Cognizable Under MO. Rev. Stat. § 537.080

82. Defendant incorporates by references each response in each preceding paragraph as if full set forth herein.

83. The allegations of this paragraph consist of legal conclusion requiring no response; to the extent a response is deemed required, they are denied.

84. The allegations of this paragraph consist of legal conclusion requiring no response; to the extent a response is deemed required, they are denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

WHEREFORE Defendant prays for an order dismissing the Plaintiff's Complaint in its entirety, for an award of Defendant's costs and attorney's fees allowable at law, and for all such other and further relief deemed just and proper.

## COUNT VI
## False Arrest and Imprisonment (Missouri Common Law)

92. Defendant incorporates by references each response in each preceding paragraph as if full set forth herein.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

WHEREFORE Defendant prays for an order dismissing the Plaintiff's Complaint in its entirety, for an award of Defendant's costs and attorney's fees allowable at law, and for all such other and further relief deemed just and proper.

## COUNT VII
### Assault and Battery (Missouri Common Law)

98. Defendant incorporates by references each response in each preceding paragraph as if full set forth herein.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

WHEREFORE Defendant prays for an order dismissing the Plaintiff's Complaint in its entirety, for an award of Defendant's costs and attorney's fees allowable at law, and for all such other and further relief deemed just and proper.

### ABSENCE OF IMMUNITIES (Alleged By Plaintiff)

103. Defendant incorporates by references each response in each preceding paragraph as if full set forth herein.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

WHEREFORE Defendant prays for an order dismissing the Plaintiff's Complaint in its entirety, for an award of Defendant's costs and attorney's fees allowable at law, and for all such other and further relief deemed just and proper.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

For its affirmative defenses on all counts, Defendant City of Iron Mountain Lake states as follows:

A.  The Complaint fails in its entirety to state a claim against relief may be granted against this Defendant.

B.  Defendant denies each and every allegation in the Complaint that is not specifically admitted herein.

C.  All claims seeking relief under the laws of the State of Missouri against the City of Iron Mountain Lake, including but not limited to Counts V-VII, are barred by the application of the doctrine of sovereign immunity, without waiver.

D.  Plaintiffs' claims against the City seeking relief under federal law are barred because (i) Plaintiff's claims fail for lack of an underlying constitutional violation; (ii) any claim against the City of based upon the doctrine of *respondeat superior* fails as a matter of law; and (iii) the Plaintiff's claims against the City do not survive the application of the law as stated in *Monell v. Department of Soc. Servs.,* 436 U.S. 658 (1978) and its progeny.

E.  For further answer, and for affirmative defense, Plaintiff's claims against the City are barred for lack and/or failure of an underlying claim to the extent such claim is barred by application of the doctrines of qualified immunity, legislative immunity, official immunity, judicial immunity, quasi-judicial immunity, the public duty doctrine, or any other theory asserted

by or available to any individual defendant, putative defendant to this action or any officer, employee or agent of the Defendant.

F. Any damages were caused, in whole or in part by the intervening acts or omissions and/or superseding acts or omissions of persons or entities other than the City and over whom the City had no control.

G. Further answering and by way of affirmative defense, whatever actions, if any, taken by Defendants with reference to Plaintiff was supported by probable cause.

H. For further answer and for affirmative defense, any arrest and detention of Plaintiff was accomplished and undertaken pursuant to probable cause and the reasonable suspicion that Plaintiff had committed violations of law and constituted an imminent risk of harm to himself and/or others, was undertaken in a reasonable manner using only such force as was reasonable and necessary to accomplish the lawful purpose of Plaintiff's arrest, was reasonable in duration, and was otherwise carried out according to and pursuant to law and lawful authority.

I. For further answer and for affirmative defense, any force used to effect Plaintiff's lawful arrest was reasonable and necessary and was the result of Plaintiff's irrational behavior and Plaintiff's unreasonable resistance to a lawful arrest.

J. Further answering and by way of affirmative defense, Defendant states that whatever actions, if any, taken by Defendant with reference to Plaintiff was authorized by state and federal law.

K. For further answer, and by way of affirmative defense, Defendant states that any actions taken by Defendant, if any, were justified under the circumstances that existed at the time.

L. For further answer, and by way of affirmative defense, Defendant states that Plaintiff has failed to mitigate whatever damages, if any, plaintiff may have incurred by reason of the matters

alleged in the Complaint, and any damages should be barred or reduced by such failure to mitigate.

M.    For further answer, and by way of affirmative defense, Defendant states that whatever injuries, if any, Plaintiff may have sustained were the direct result of his own conduct, negligence, carelessness, assumption of risk and comparative fault directly contributing thereto.

N.    For further answer, and for affirmative defense, any injury or damage, if any, sustained by Plaintiff was the direct and proximate result of the negligence, carelessness and/or intentional conduct of others over whom Defendant has no control, including but not limited to Plaintiff himself, and there is no proximate or direct relationship between the conduct of the Defendant and any injury or damage allegedly sustained by Plaintiff.  Whatever injuries, if any, plaintiff may have suffered at the hands of any co-Defendant or third parties, the media, or any other person, the actions of such persons constitute intervening causes for which Defendant cannot be held liable.  Defendant further states that to the extent that Defendant is held liable for any of Plaintiff's damages, that fault among all purported tortfeasors should be comparatively apportioned and such damages reduced by the comparative fault of all other persons liable for damage to the Plaintiffs pursuant to, *inter alia*, §537.060 R.S.Mo. and all other applicable law; further that such damages be reduced by a setoff of any claims any of the Defendant may have against the Plaintiff.

O.    In the event that any damages are awarded to Plaintiff, the City is entitled to a setoff based on any claims that the City or any other party or person may assert against Plaintiff or any settlements entered with other defendants.

P.    To the extent Plaintiff seeks punitive or exemplary damages, such are barred against the City of Iron Mountain Lake; further:

i. a claim for punitive damages violates Defendant's rights secured by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and by Article 1, § 2, § 10, § 13 and § 21 of the Missouri Constitution and that the claim for punitive damages is for the purpose of punishing Defendant and is tantamount to the imposition of a criminal fine based upon conduct and a mental state which is not defined with sufficient precision to notify defendants in advance that conduct which will give rise to imposition of punishment in the form of punitive damages, in the amount of the penalty that may be imposed is indeterminate in that there are no standards governing the decision of the fact finder in determining the severity of punishment to be inflicted, all of which violate Defendant's right to procedural and substantive due process secured by both the Federal and State Constitutions; the claim for punitive damages constitutes an excessive fine and therefore deprives Defendant of the guaranty secured by the Federal and State Constitutions that excessive fines shall not be imposed; the punitive damages claim discriminates against Defendant on the basis of wealth, and that different amounts can be awarded against different defendants for the same act based only upon the difference in material wealth, and further the lack of standards from posing punitive damages allows the fact finder to impose punishment on one defendant while refusing to impose punishment on another defendant for engaging in the same or similar conduct, and therefore, is irrational, arbitrary and capricious, and constitutes a deprivation of Defendant's rights to the equal protection of the law as secured by the Federal and State Constitutions; the claim for punitive

damages amounts to an ex post facto law and punishment which is retrospective in operation, impairs Defendant's right to contract and to access to the courts, and further constitutes an uncertain remedy, all in contravention of the rights secured for Defendant in the Federal and State Constitutions; and

ii. any claim for punitive damages against the City is not allowed as a matter of law because such damages are not allowed by Missouri's sovereign immunity statute, 42 U.S.C. § 1983, or any other law or statute by which the Plaintiff seeks relief.

Q. As to all state law claims, pursuant to Section 490.715, RSMo., there is a presumption that the dollar amount necessary to satisfy the financial obligation to the healthcare provider represents the value of the medical treatment rendered.

R. For further answer and by way of affirmative defense, Defendant City states that any liability under Missouri law (which is denied) is capped and limited by, *inter alia*, the Missouri sovereign immunity statute(s), and any damages available under any waiver of sovereign immunity under Missouri law, which Defendant denies, are also limited and capped by Missouri's sovereign immunity statute. See §§ 537.600, 537.610 R.S.Mo.

S. Defendant hereby reserves all affirmative defenses asserted by the other Defendants to this action, as may apply, and reserves the right to assert all other defenses discovered during the pendency of this action in accordance with the Court's scheduling order.

WHEREFORE, having fully answered the Complaint, Defendant City of Iron Mountain Lake prays that this Honorable Court enter its Order and Judgment dismissing the Complaint with prejudice, for the recovery of its costs and any attorney's fees provided at law, and for all such other and further relief deemed just and proper.

Respectfully submitted,

HELLMICH, HILL & RETTER, LLC

*/s/ Blake D. Hill*
Blake D. Hill   #58926MO
1049 N. Clay Avenue
St. Louis, MO 63122
(314)646-1110 Tel
(314)646-1122 Fax
blake@hellmichhillretter.com
*Counsel for Defendant City of Iron Mountain Lake and Dustin Steinc*

## Certificate of Service

The undersigned certifies that the foregoing was filed with the Court's ECF electronic filing system and thereby served upon all counsel of record this 24th day of June 2019.

*/s/ Blake D. Hill*